UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

    -v-                           :

DOUGLAS RENNICK,                  :

           Defendant.             :
- - - - - - - - - - - - - - - -x



INDICTMENT

09 Cr.

09 CRIM 752

COUNT ONE

(BANK FRAUD CONSPIRACY)

The Grand Jury charges:

BACKGROUND TO THE CONSPIRACY

1.   Since at least in or about 2007 through and including June 2009, DOUGLAS RENNICK, the defendant, has been in the business of providing payment services for internet gambling businesses through several companies under his control, including My ATM Online, Alenis Limited, KJB Financial Corporation, Account Services Corporation and Check Payment Financial Co. Specifically, RENNICK and his co-conspirators receive funds from offshore internet gambling companies, cause those funds to be wired into United States bank accounts, and then cause the funds to be disbursed through checks payable to United States residents who are seeking to cash out their gambling winnings. By these means, RENNICK and his co-conspirators have caused more than approximately $350 million to be transferred from a bank account in Cyprus to various United States banks in order to pay funds to gamblers in the United States, including to individuals in New

York, New York, as directed by various offshore internet gambling companies. RENNICK made payments on behalf of companies offering different types of online gambling, including poker, blackjack, slot machines, and other casino games.

2. At all times relevant to this Indictment, RENNICK and his co-conspirators provided false and misleading information to various United States banks about, among other things, the nature of the internet gambling-related payments being processed by the companies under RENNICK's control, in order to induce banks to engage in financial transactions that they otherwise would not have facilitated.

## THE WASHINGTON MUTUAL ACCOUNT

3. On or about August 8, 2007, DOUGLAS RENNICK, the defendant, opened an account in the name of KJB Financial Corporation at Washington Mutual Bank in California (the "Washington Mutual Account"). In opening the Washington Mutual Account, RENNICK did not disclose to Washington Mutual Bank that KJB Financial Corporation would process payments from internet gambling companies. Instead, RENNICK falsely and misleadingly represented to the Washington Mutual Bank, in an e-mail dated August 10, 2007, that his company would issue checks "for the following reasons":

> 1. Affiliate cheques (travel resellers, product resellers, advertising resellers, contract payments such as development work involving programming, payment for services

2

such as consulting).

2. Rebates (reward cheques, promotional cheques, cheques for discounts on items already purchased due to point accumulation programs)

3. Refunds on items purchased, prepaid cards, and credit funds (a surplus) individuals build up in company accounts.

4. Sponsorship cheques

5. Minor payroll

RENNICK further falsely assured Washington Mutual Bank that the checks would not be issued for "any illegal reasons defined under US and Canadian law." In fact, from in or about August 2007 up to in or about early 2009, the Washington Mutual Account was used by RENNICK and his co-conspirators almost exclusively to process internet gambling related payments.

## THE UNION BANK ACCOUNT

4. On or about February 20, 2009, DOUGLAS RENNICK, the defendant, opened an account at Union Bank of California in the name of Account Services Corporation (the "Union Bank Account"). Two co-conspirators not named as defendants herein ("CC-1" and "CC-2") falsely represented to Union Bank of California that Account Services Corporation was a "rebate check processor" for "large retailers" and "auto dealerships." In fact, from in or about February 2009, up to and including in or about June 2009, the Union Bank Account was used by RENNICK and his co-conspirators almost exclusively to process internet

3

gambling related payments. CC-2 also falsely represented to Union Bank that RENNICK was looking to move his business from Washington Mutual Bank to Union Bank because Washington Mutual Bank's service was unsatisfactory. In fact, Washington Mutual Bank had learned that RENNICK's company was processing gambling payments through the Washington Mutual Account and had already informed RENNICK's company that the Washington Mutual Account was being terminated.

## THE OFFENSE

5. From at least in or about February 2007 through and including June 2009, in the Southern District of New York and elsewhere, DOUGLAS RENNICK, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense under Chapter 63 of Title 18, United States Code, to wit, a violation of Title 18, United States Code, Section 1344.

6. It was a part and an object of said conspiracy that DOUGLAS RENNICK, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain the moneys, funds, credits, assets, securities, and other property

4

owned by and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349).

## COUNT TWO

(MONEY LAUNDERING CONSPIRACY)

The Grand Jury further charges:

7. The allegations set forth in paragraphs one through four of the Indictment are repeated and realleged as if set forth fully herein.

8. From at least in or about February 2007 through and including in or about June 2009, in the Southern District of New York and elsewhere, DOUGLAS RENNICK, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Section 1956.

9. It was a part and an object of said conspiracy that DOUGLAS RENNICK, the defendant, and others known and unknown, would and did transport, transmit, transfer and attempt to transport, transmit, and transfer a monetary instrument and funds from or through a place outside the United States to a place in the United States with intent to promote the carrying on of a specified unlawful activity, to wit, the operation of an

5

illegal gambling business, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Section 1956(h)).

### COUNT THREE

(GAMBLING CONSPIRACY)

The Grand Jury further charges:

10. The allegations set forth in paragraphs one through four of the Indictment are repeated and realleged as if set forth fully herein.

11. From at least in or about August 2007 through and including June 2009, in the Southern District of New York, and elsewhere DOUGLAS RENNICK, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, a violation of Title 18, United States Code, Section 1955.

12. It was a part and an object of said conspiracy that DOUGLAS RENNICK, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did conduct, finance, manage, supervise, direct, and own all and part of an illegal gambling business, namely a business that engaged in and facilitated online poker and casino games, in violation of New York State Penal Law Sections 225.00 and 225.05, and which business involved five and more persons who conducted, financed,

managed, supervised, directed, and owned all and part of it, and which business had been and had remained in substantially continuous operation for a period in excess of thirty days and had gross revenues of $2,000 in a single day, in violation of Title 18, United States Code, Section 1955.

### OVERT ACTS

13. In furtherance of said conspiracy and to effect the illegal object thereof, DOUGLAS RENNICK, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

   a. On or about February 19, 2007 RENNICK entered into a contract relating to the processing of online gambling payments.

   b. On or about August 16, 2007, RENNICK opened an account at Washington Mutual Bank in the name of KJB Financial Corporation to process online gambling payments.

   c. On or about February 20, 2009, RENNICK opened an account at Union Bank of California in the name of Account Services Corporation to process online gambling payments.

   d. On multiple dates in 2009, RENNICK caused Account Services Corporation to issue checks to an individual in New York, New York, who was seeking to withdraw money from internet gambling websites.

   (Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION AS TO COUNT ONE

14. As a result of committing the offense of conspiracy to violate 18 U.S.C. § 1344 alleged in Count One of this Indictment, DOUGLAS RENNICK, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the bank fraud conspiracy offense, including but not limited to the following:

    a. At least $565,908,288 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the bank fraud conspiracy offense.

    b. All United States currency funds from account number 7986104185, held at Wells Fargo Bank in the name of Account Services Inc., currently on deposit with the United States Marshals Service.

    c. All United States currency funds from account number 6503519834, held at Wells Fargo Bank in the name of Account Services Inc., currently on deposit with the United States Marshals Service.

    d. All United States currency funds from account number 3530000248, held at Union Bank in the name of Account Services Corp., currently on deposit with the United States Marshals Service.

      e.   All United States currency funds from account number 3530000256, held at Union Bank in the name of Account Services Corp., currently on deposit with the United States Marshals Service.

<u>Substitute Asset Provision</u>

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third person;

      c.   has been placed beyond the jurisdiction of the Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1344.)

**FORFEITURE ALLEGATION AS TO COUNT TWO**

16. As a result of committing the offense of conspiracy to violate 18 U.S.C. § 1956 alleged in Count Two of this Indictment, DOUGLAS RENNICK, the defendant, shall forfeit to

the United States pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in the money laundering conspiracy offense and all property traceable to such property, including but not limited to the following:

    a.    At least approximately $379,158,553 in United States currency, in that such sum in aggregate is property which was involved in the money laundering offense or is traceable to such property.

    b.    All United States currency funds from account number 7986104185, held at Wells Fargo Bank in the name of Account Services Inc., currently on deposit with the United States Marshals Service.

    c.    All United States currency funds from account number 6503519834, held at Wells Fargo Bank in the name of Account Services Inc., currently on deposit with the United States Marshals Service.

    d.    All United States currency funds from account number 3530000248, held at Union Bank in the name of Account Services Corp., currently on deposit with the United States Marshals Service.

    e.    All United States currency funds from account number 3530000256, held at Union Bank in the name of Account Services Corp., currently on deposit with the United States Marshals Service.

<u>Substitute Asset Provision</u>

17.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)

### FORFEITURE ALLEGATION AS TO COUNT THREE

18.  As a result of committing the offense of conspiracy to violate 18 U.S.C. § 1955 alleged in Count Three of this Indictment, DOUGLAS RENNICK, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the gambling conspiracy offense, including but not limited to the

11

following:

      a. At least $565,908,288 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the gambling conspiracy offense.

      b. All United States currency funds from account number 7986104185, held at Wells Fargo Bank in the name of Account Services Inc., currently on deposit with the United States Marshals Service.

      c. All United States currency funds from account number 6503519834, held at Wells Fargo Bank in the name of Account Services Inc., currently on deposit with the United States Marshals Service.

      d. All United States currency funds from account number 3530000248, held at Union Bank in the name of Account Services Corp., currently on deposit with the United States Marshals Service.

      e. All United States currency funds from account number 3530000256, held at Union Bank in the name of Account Services Corp., currently on deposit with the United States Marshals Service.

<u>Substitute Asset Provision</u>

      19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 1955;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


_____        _____
FOREPERSON                                                 LEV L. DASSIN
                                                                    Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

TUNG YEUNG LAM,

Defendant.

---

INDICTMENT

09 Cr.

(18 U.S.C. §§ 371, 1349, and 1956(h).)

LEV L. DASSIN
Acting United States Attorney.

A TRUE BILL

_____ Foreperson.

---

INDICTMENT FILED
A/W ISSUED
CASE ASSIGNED TO USDJ SHS
FOX, M.J.